IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO:_____ |
| | * | 2:22-cv-297-MHT-JTA |
| RICHARD HARRELL and | * | |
| DELAINE HARRELL, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW Plaintiff SE Property Holdings, LLC, and files this Complaint against Defendants as follows:

### I. PARTIES

1. Plaintiff SE Property Holdings, LLC, is an Ohio limited liability company with its principal place of business in Newark, Ohio. SE Property Holdings, LLC, has one member, Park National Corporation, which is an Ohio corporation with its principal place of business in Newark, Ohio. Therefore, SE Property Holdings, LLC is a citizen of the state of Ohio.

2. Defendant Richard Harrell ("Richard Harrell" or "Richard") is a citizen of the State of Alabama, residing in Lowndes County, Alabama.

3. Defendant Delaine Harrell ("Delaine Harrell" or "Delaine") is a citizen of the State of Alabama, residing in Lowndes County, Alabama.

### II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     Venue is also proper in this Court because the actions and events giving rise to this Complaint occurred in this District.

### III. FACTS

6.     SE Property Holdings, LLC, is the successor in interest to Vision Bank, pursuant to a merger occurring in February of 2012. SE Property Holdings, LLC and Vision Bank are hereinafter collectively referred to as SEPH.

7.     Water's Edge, LLC ("Water's Edge") is an Alabama Limited Liability Company formed for the purpose of purchasing and developing a marina in Baldwin County, Alabama. Water's Edge obtained two separate loans from SEPH (the "Water's Edge Loans"). Richard Harrell and approximately 36 other individual investors (the "Guarantors") guaranteed payment of Water's Edge's debt to SEPH.

8.     On or about December 5, 2006, Water's Edge received a loan in the principal amount of $10,000,000.00, evidenced by a Promissory Note in favor of SEPH, which note was later renewed, extended and/or modified ("the First Water's Edge Loan"). Richard Harrell executed a Continuing Unlimited Guaranty Agreement guaranteeing payment of all sums due under the First Water's Edge Loan.

9.     On or about April 25, 2008, Richard Harrell executed an Acknowledgement, Ratification and Consent, reaffirming his obligation under the Continuing Unlimited Guaranty Agreement to pay all sums due under the First Water's Edge Loan, including a minimum principal increase of $2,500,000.00.

10.    On or about December 5, 2006, Water's Edge received a second loan in the principal amount of $4,500,000.00, evidenced by a Promissory Note in favor of SEPH, which note was later renewed, extended and/or modified ("the First Water's Edge Loan"), which note

was later renewed, extended and/or modified. Richard Harrell executed a Continuing Limited Guaranty Agreement guaranteeing payment of the Second Water's Edge Loan in an amount up to $84,392.00.

11. By March 2009, it was clear that the Water's Edge development project would not be completed on schedule. As a result, the Guarantors made capital contributions to Water's Edge to cover Water's Edge's operating costs and maintain its interest payments on the Water's Edge Loans.

12. As early as March 13, 2009 (possibly earlier), several Guarantors stopped paying their proportionate share of these capital contributions, thus requiring other Guarantors to cover these payments.

13. In May 2009, the first of several Guarantors filed bankruptcy.

14. On October 3, 2009, Richard Harrell and the other Guarantors were notified by SEPH that in the event of a default in the upcoming payments due SEPH, SEPH intended to take "legal action to enforce contractual obligations of the borrower and guarantors."

15. On June 10, 2010, Water's Edge defaulted on the First Water's Edge Loan and the Second Water's Edge Loan by failing to make the required payment on the Loans. SEPH demanded payment from Richard Harrell pursuant to his Water's Edge Guaranties.

16. On October 11, 2010, SEPH filed a lawsuit against Water's Edge, Richard Harrell, and the other Guarantors in the Circuit Court of Baldwin County, in a matter styled *SE Property Holdings, LLC v. Water's Edge, LLC, et. al.*, 05-CV-2010-901862 (the "Water's Edge Litigation").

17. On November 17, 2014, the court in the Water's Edge Litigation ruled in favor of SEPH on its claims, and against Richard Harrell and the other Defendants on their counterclaims, cross-claims and third-party claims.

18. On December 17, 2014, a judgment was entered in the Water's Edge Litigation in favor of SEPH and against Richard Harrell in the amount of $9,084,076.14 on the First Water's Edge Loan, and a second judgment of $84,392.00 on the Second Water's Edge Loan. *See* **Exhibit A**.

19. On November June 5, 2000, approximately 27.2 acres of real property located in Lowndes County, Alabama, was deeded from Lester & Mary Julian to Richard Harrell, solely in his name. *See* **Exhibit B**.

20. On May 16, 2012, for the stated consideration of $10 dollars, Richard Harrell conveyed the subject property to his two sons Richard V. Harrell, III and David Kyle Harrell. *See* **Exhibit C**.

21. On February 26, 2014, for the stated consideration of $100 dollars, the two sons deeded the subject property back to Richard Harrell and Delaine Harrell, now as tenants in common for their lives with a cross contingent remainder. *See* **Exhibit D.**

22. Under Alabama law, real property held as tenants in common with a cross contingent remainder generally are not subject to execution and levy when the judgment is against only one of the parties holding title to the property.

23. The transfers of the subject property by Richard Harrell out of his name and then eventually back into his and his spouse's name created an estate that is generally exempt from execution by his creditors, which otherwise would have been subject to execution.

24. The deed back to Richard and Delaine Harrell went so far as to expressly state that it was the "intention of the Grantees" that the estate for the subject property be "destructible only with the consent of both Grantees."

## CAUSES OF ACTION
## COUNT I
## Ala. Code §§ 8-9A-4(a)

25. Plaintiff adopts and re-alleges the above paragraphs as if fully set forth herein.

26. Richard Harrell made the initial transfer of property to Richard V. Harrell III and David Kyle Harrell, and then back into his name along with his spouse Delaine Harrell, now as tenants in common with a cross contingent remainder, as described herein above, with the actual intent to hinder, delay, and defraud his creditors, including SEPH, within the meaning of Ala. Code § 8-9A-4(a), which is evidenced by some or all of the following:

    A. At the time the transfers were made, Richard Harrell was and remains indebted to SEPH pursuant to the loans guaranteed by him and the resulting money judgments entered against him on said loans;

    B. Richard Harrell did not receive any funds or other assets in consideration for the transfer, or any consideration he did receive was not reasonably equivalent to the value of the property transferred;

    C. The result of the transfers was to place assets beyond the reach of SEPH;

    D. Richard Harrell retained possession and control of the conveyed property as he continues to use the property for his personal or commercial gain, use and benefit;

    E. The transfer was to an insiders, his children, and then ultimately to Delaine Harrell, his wife;

F. Richard Harrell was either insolvent at the time of the transfers, or he became insolvent as a result thereof.

G. Richard Harrell did not disclose the transfer to SEPH;

H. Richard Harrell become subject to the above described judgments soon after the transfers;

I. And for other such reasons not enumerated in § 8-9A-4(a) which are indicative of his fraudulent intent.

27. SEPH has been damaged as a result of the transfer.

28. As a result of Richard Harrell's fraud, SEPH is entitled to relief under Ala. Code §8-9A-7.

WHEREFORE, in accordance with Ala. Code § 8-9A-7, Plaintiff SE Property Holdings, LLC requests that the Court enter a judgment against: (i) Defendants Richard Harrell and Delaine Harrell, jointly and severally, for the value of property fraudulently conveyed to Delaine Harrell; (ii) Defendants Richard Harrell, Delaine Harrell, for compensatory and punitive damages in an amount to be determined by the Court; (iii) Defendants Richard Harrell and Delaine Harrell, enjoining them against further disposition of any property for less than reasonably equivalent value or further disposition of any real or personal property out of the ordinary course of business; (iv) allowing SEPH to withdraw, garnish or otherwise lien any proceeds of such fraudulent transfer from accounts held in the name of Delaine Harrell and apply them to partially satisfy SEPH's judgment against Richard Harrell; (v) Richard Harrell and Delaine Harrell, ordering attachment and levy of execution on the interest of the Defendant Richard Harrell in each fraudulently conveyed item of personal property to satisfy the judgment of SE Property Holdings, LLC; and (vii) Richard Harrell and Delaine Harrell, for such other,

further and different remedies as it may be entitled to receive under Sections 8-9A-7, Ala. Code (1975), or such other statutes and common laws as may apply, including costs, expenses, and attorneys' fees.

_____
Gilbert L. Fontenot (FON003)
Attorney for SE Property Holdings, LLC
MAPLES & FONTENOT, LLP
P. O. Box 1281
Mobile, AL, 36633
(251) 445-2083
gus@maplesfontenot.com