IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD HARRELL and ) <br> DELAINE HARRELL, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 2:22cv297-MHT <br> (WO) |

OPINION AND ORDER

Plaintiff SE Property Holdings, LLC ("SEPH") filed this case against defendants Richard and Delaine Harrell asserting a claim that the Harrells fraudulently transferred a piece of real property in violation of the Alabama Uniform Fraudulent Transfer Act ("AUFTA"), Ala. Code § 8-9A-4(a). This case is before the court for a determination of whether the court has diversity jurisdiction under 28 U.S.C. § 1332--specifically whether the amount-in-controversy requirement is met.

The court held a hearing on the matter *sua sponte*

because the complaint did not contain sufficient allegations for the court to determine the amount in controversy in the litigation, and because the answer asserted that the court lacks subject-matter jurisdiction over the case because the amount in controversy does not exceed $ 75,000. After the hearing, the court ordered the parties to submit briefing and evidence. After considering the briefs and evidentiary submissions, the court concludes that it has subject-matter jurisdiction over this case.

"Where jurisdiction is based on a claim for indeterminate damages, ... the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citations omitted). Here, SEPH contends that the Harrells fraudulently transferred a piece of real property to their sons for insufficient consideration

and then had the sons transfer it back in the form of a tenancy that cannot be obtained by creditors, all in order to defraud SEPH of the money the Harrells owe it. As relief, SEPH seeks an award for the value of the property fraudulently conveyed, compensatory and punitive damages, a levy upon the property, and other unspecified damages and equitable relief. *See* Complaint (Doc. 2) at 6. The complaint asserts that "the amount in controversy exceeds $ 75,000.00, exclusive of interest and costs," *id.* at 1, but does not specify the value of the property.

As evidence of the value of the subject property, SEPH has now submitted a 2014 appraisal of the property that found the market value of the property to be $ 68,100. SEPH contends that this appraisal took place during the relevant time period because the first challenged transfer, from the Harrells to their sons, took place in 2012. The Harrells do not take issue with SEPH's contention about the relevant time period, and the court finds that the appraisal was done within

the relevant time frame. The evidence shows that the appraisal was completed for Alabama Ag Credit when the property was used as collateral for a mortgage, and it does not appear to have been produced for the purposes of litigation, so the court does not doubt it accuracy. SEPH also submits evidence showing that the tax assessor for Lowndes County assessed the property as worth $ 57,100 in 2012. The Harrells do not challenge the appraisal or the assessment.

The court credits the appraisal and the tax assessment and finds that the value of the property at issue was approximately $ 57,100 to $ 68,100 during the relevant time.

Obviously, then, the property value alone is not sufficient to reach the over-$ 75,000 threshold for diversity jurisdiction. To bridge that gap, SEPH points to its request for punitive damages. As SEPH correctly points out, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, ... unless

it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted).  The Eleventh Circuit Court of Appeals has observed that punitive damages may be available in fraudulent-transfer cases under AUFTA.  *See SuVicMon Development, Inc. v. Morrison*, 991 F.3d 1213, 1220 (11th Cir. 2021) (citing *SE Property Holdings, LLC v. Judkins*, No. 1:17-CV-00413-TM-B, 2019 WL 177981, at *8-9 (S.D. Ala. Jan. 11, 2019), *aff'd*, 822 F. App'x 929 (11th Cir. 2020)).  Based on the allegations of the complaint, the court cannot conclude "to a legal certainty" that SEPH cannot recover punitive damages. *Holley Equip. Co.*, 821 F.2d at 1535.

As to the amount of punitive damages that might be available, SEPH points to an Eleventh Circuit decision in an AUFTA case upholding a punitive-damages award of $ 300,000 on a property worth § 795,000 for a ratio of 0.37:1.  *See SE Prop. Holdings, LLC v. Judkins*, 822 F. App'x 929, 937 (11th Cir. 2020).  In that opinion, the

court further noted that it had upheld punitive damages awards with ratios much higher than 1:1.  *Id*. (citing cases).  Should SEPH receive a punitive-damages award comparable to the one awarded in *Judkins*, it would exceed the $ 75,000 jurisdictional threshold, even if the property were valued at the low end of the range discussed above.

In their response, the Harrells argue that SEPH has not submitted evidence from which the court could find them entitled to punitive damages, and they submit affidavits that go to the merits of whether the transfers were fraudulent.  They are putting the cart before the horse.  "When the issue of jurisdictional amount is intertwined with the merits of the case, 'courts should be careful not to decide the merits, under the guise of determining jurisdiction, without the ordinary incidents of a trial.'"  *Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc.*, 417 F.2d

129, 131 (5th Cir. 1969) (citations omitted).[*] Accordingly, the court will not base its jurisdictional decision on evidence tending to show that the defendants did not engage in fraud.

While this is close case, considering the value of the property at issue together with the potential for even modest punitive damages, the court finds that the amount in controversy more likely than not exceeds $ 75,000.

\*\*\*

Accordingly, it is ORDERED and DECLARED that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

DONE, this the 27th day of March, 2023.

                               /s/ Myron H. Thompson  
                               **UNITED STATES DISTRICT JUDGE**

---

[*] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.